GARDNER v. PRESCOTT et al.

(Circuit Court, D. Massachusetts. May 2. 1888.)

PATENTS FOR INVENTIONS—INFRINGEMENT—CARPET SWEEPERS.

 Letters patent No. 186,895, issued January 30, 1877, to Alexander Stewart, for improvements in carpet sweepers, consist of the following claim: "The combination, with the frame of a carpet sweeper and its brush, the spindle, A, attached to the frame, and working longitudinally therein, to support or release the brush, and operated by the spring, D, and handle, E, substantially as set forth." *Held*, that the handle was one of the material elements of the combination, and that defendants' machine, in which they used the spring or its equivalent, but not the handle, was not an infringement.

In Equity. On bill for infringement of patent, brought by Henry Gardner against John W. Prescott et al.

*W. A. Macleod*, for complainant.

*J. M. Van Fleet*, for defendants.

COLT, J. In this suit the respondents are charged with the infringement of letters patent No. 186,895, issued January 30, 1877, to Alexander Stewart, for improvements in carpet sweepers. The invention consists in the use in a carpet sweeper of a fixed spindle, which supports the brush-roller, and to which a spring is attached, the function of the spring being to hold the spindle in place, and to allow it to be drawn back so as to free the brush-roller. The patentee disclaims "all devices

in which the spindle revolves with the brush, and is removable from the frame with it, such devices in various forms being common and well known." The claim is as follows:

"The combination, with the frame of a carpet sweeper and its brush, the spindle, A, attached to the frame, and working longitudinally therein, to support or release the brush, and operated by the spring, D, and handle, E, substantially as set forth."

In view of the state of the art, it must be admitted that the scope of this invention is very narrow. It will be observed that the handle, E, by which the spring is operated, is made one of the elements of the claim. In defendants' machine they use a spring or its equivalent, but not the handle. Unless we can broaden the claim of the patent so as to leave out the handle as a part of the combination, it is clear that the defendants do not infringe. This cannot be done, because it is apparent from the drawings and specification that the handle was one of the material elements of the patented combination. Nor can it be said that the spring in defendants' device is the equivalent of the spring and handle of the Stewart sweeper. The spring in each device may be made to serve the double purpose of handle and spring, but that does not make the defendants' spring the equivalent of a spring with a handle. Stewart chose to have the handle distinct from the spring, and he describes such handle in his patent, and makes it an element of his claim.

Without entering into the other defenses, I think for the reasons stated that the defense of non-infringement is well taken, and that the bill should be dismissed.